UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNA MARIE RAND,

    Petitioner,                                              Civil No. 05-CV-72832-DT
                                                           HONORABLE PAUL D. BORMAN
v.                                                    UNITED STATES DISTRICT JUDGE

STATE OF MICHIGAN,

    Respondent,
_____/

**OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS**

Anna Marie Rand, ("petitioner"), presently confined at Camp Brighton in Pinckney, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, petitioner seeks habeas relief from her sentence for violating probation on her conviction for delivery of less than fifty grams of cocaine, M.C.L.A. 333.7401 (2)(a)(iv); M.S.A. 14.15(7401)(2)(a)(iv). For the reasons stated below, petitioner's application for writ of habeas corpus is **SUMMARILY DENIED.**

### I. BACKGROUND

Petitioner was convicted of delivery of cocaine in the Jackson County Circuit Court and sentenced to lifetime probation. Petitioner was subsequently found guilty of violating her terms of probation and sentenced to three to twenty years in prison. The Michigan Court of Appeals reversed petitioner's sentence, finding that the trial court committed plain error by failing to refer to the Michigan Sentencing Guidelines in imposing sentence and by failing

1

to provide any substantial and compelling reasons for departing above the recommended sentencing guidelines range. *People v. Rand,* 251883 (Mich.Ct.App. May 24, 2004). On remand, the trial court again sentenced petitioner to three to twenty years in prison. This time, however, the trial court judge prepared a Sentence Information Report, Departure Evaluation, in which the judge indicated that the sentencing guidelines were inadequate, because they did not consider the fact that petitioner tested positive for cocaine within two weeks of her release from an in-house treatment facility. The Michigan Court of Appeals denied petitioner leave to appeal after remand. *People v. Rand,* 257632 (Mich.Ct.App. November 24, 2004). Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected as untimely.

Petitioner now seeks the issuance of a writ of habeas corpus. In her sole claim for relief, petitioner contends that the trial court exceeded the sentencing guidelines range in her case without substantial and compelling reasons to do so.

## II. DISCUSSION

The petition for writ of habeas corpus must be dismissed because petitioner has failed to allege any facts showing that she is being detained in violation of the United States Constitution.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *See McFarland v. Scott,* 512 U.S.

849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *See Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970). After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claim is meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

In the present case, petitioner's sentence of three to twenty years was within the statutory limits for the offense of delivery of less than fifty grams of cocaine. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment either. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *Johnson v. Smith,* 219 F. Supp. 2d 871, 884 (E.D. Mich. 2002).

More importantly, to the extent that petitioner is claiming that her sentence violates the Michigan state sentencing guidelines, her claim is not cognizable in a habeas proceeding because it is a state law claim. *See Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d

3

474, 485 (E.D. Mich. 2004). Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would not entitle her to habeas relief. *See Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999).

In this case, because petitioner's sentence falls within the statutory limits, petitioner is not entitled to habeas relief. *Robinson v. Stegall,* 157 F. Supp. 2d at 823. Moreover, because petitioner has failed to claim that the sentence imposed violates the Cruel and Unusual Punishment Clause of the Eighth Amendment, she has failed to state a claim upon which habeas relief can be granted. *Id.*

### III.  CONCLUSION

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition.

*Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claim to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d at 885. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV.   ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

_____

**s/Paul D. Borman**
**PAUL D. BORMAN**
**UNITED STATES DISTRICT JUDGE**

**Dated:  August 5, 2005**

### CERTIFICATE OF SERVICE

**Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 5, 2005.**

**s/Jonie Parker**
**Case Manager**